UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-80124-CR-RUIZ

UNITED STATES OF AMERICA

v.

MARK AGRESTI,
    Defendant.
_____/

### DEFENDANT MARK AGRESTI'S OMNIBUS MOTION IN LIMINE

The Defendant, Mark Agresti, through undersigned counsel, moves this Honorable Court *in limine* to (1) preclude government witnesses from testifying about proper substance abuse treatment and drug testing; (2) preclude government witnesses from testifying about proper medical and lab billing; (3) preclude the Government from mischaracterizing permissible practices as criminal conduct; (4) exclude improper opinions regarding the illegality of witnesses' and Dr. Agresti's conduct; and (5) exclude testimony about the co-conspirators criminal activity that is unrelated to Dr. Agresti. In support thereof, Dr. Agresti states as follows.

### ARGUMENT

**I. MOTION *IN LIMINE* TO PRECLUDE LAY WITNESSES FROM DISCUSSING WHAT CONSTITUTES PROPER SUBSTANCE ABUSE TREATMENT, INCLUDING THE PROPER TYPES, FREQUENCY, USE OF, AND MEDICAL JUSTIFICATION FOR URINE TESTING.**

Federal Rule of Evidence 701 governs the admissibility of opinion testimony by lay witnesses. Rule 701 states:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The 2000 Amendments to Rule 701 added subsection (c). Fed. R. Evid. 701 advisory committee's notes to 2000 amendments. The advisory committee notes made clear that subsection (c) had been added to "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded though the simple expedient of proffering an expert in lay witness clothing." *Id*. After the addition of subsection (c), "a witness" testimony must be scrutinized under the rules regulating expert opinions to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Id*.

For a witness to offer testimony based on "scientific, technical, or other specialized knowledge," that witness must be "qualified as an expert by knowledge, skill, experience, training, or education." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993) (citing Fed. R. Evid. 702). "[D]istinguishing between lay and expert testimony is an important one . . . ." *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317 (11th Cir. 2011) (citing *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005)).

In *United States v. Markovich*, Case No. 21-CR-60020 (S.D. Fla. July 29, 2021) [ECF No. 270], Judge Dimitrouleas granted the defendants' motion *in limine* "to exclude lay witness testimony about the necessity of treatment." He held that "lay witnesses can offer testimony about what they saw or heard, but not about whether the treatment was inappropriate." *Id.*

Here, the witness interviews include commentary that patients received inadequate substance abuse treatment and were subjected to urine drug tests (UAs) that were excessive and medically unnecessary. A sampling of these witnesses includes behavioral health technicians (BHTs), sober home employees and management, sober home residents, lab supervisors, and lab specimen processors. These witnesses have no medical training and/or skill, experience, training,

or education to make these kinds of statements.  Government witnesses can testify as to their personal observations, but nothing more.  Lay witnesses should be prohibited from offering any opinion as to the medical necessity of substance abuse treatment and UAs.  Only an expert witness with the appropriate scientific or other specialized knowledge can testify to these opinions.

Even if the testimony was admissible, the probative value of this testimony pales beside the unfair prejudice to the defense.  *See* Fed. R. Evid. 403.  Rule 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  In applying this rule, "[t]he trial court has broad discretion to weigh the extent of potential prejudice against the probative force of relevant evidence."  *Atheridge v. Aetna Cas. & Sur. Co.*, 604 F.3d 625, 633 (D.C. Cir. 2010) (quoting *Fredrick v. District of Columbia*, 254 F.3d 156, 159 (D.C. Cir. 2001)).  Evidence is unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis." *Atheridge*, 604 F.3d at 633.

The testimony of the lay witnesses as to the necessity of a particular patient's substance abuse treatment, including the proper types, frequency, use of, and medical justification for UAs, is irrelevant, and the only reason to solicit this testimony is to incite and mislead the jury.  As such, Dr. Agresti requests that this testimony be excluded.

      **II.**     **MOTION *IN LIMINE* TO PRECLUDE LAY WITNESSES FROM DISCUSSING WHAT CONSTITUTES PROPER BILLING FOR PHSICIAN'S SERVICES AND DRUG TESTING.**

The witness interviews also include commentary that Dr. Agresti improperly billed for his services and that Good Decisions Sober Living (GDSL) billed an exorbitant amount for UAs.  For the reasons articulated in Section I, these lay opinions are inadmissible.  These witnesses have no

medical training and/or skill, experience, training, or education in medical billing or insurance to make these kinds of statements. Government witnesses can testify as to their personal observations, but nothing more. Lay witnesses should be prohibited from offering any opinion as to proper billing or physician's services and drug testing. Only an expert witness with appropriate specialized knowledge can testify to these opinions. Additionally, the testimony of lay witnesses about medical and lab billing is irrelevant, and any probative value is outweighed by the danger of unfair prejudice and inciting the jury.

### III. MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM MISCHARACTERIZING PERMISSIBLE PRACTICES AS CRIMINAL CONDUCT.

The Government should not be permitted to argue or imply that lawful practices are evidence of criminal conduct. Dr. Agresti worked as the medical director for GDSL and other sober homes. The Government has sought to characterize this perfectly legal activity as sinister or unlawful in nature, yet there is nothing illegal about working as a medical director for a sober home. It is also not illegal for a doctor to receive both a salary from a sober home for acting as its medical director and money from insurance companies for patient visits.

There is also nothing illegal about a doctor issuing standing orders for UAs. However, the Government seeks to mischaracterize the use of standing orders as criminal conduct. Similarly, the Government should not be permitted to mischaracterize the frequency of UAs or type of UAs as illegal. For instance, it is legal for doctors to order UAs several times per week. It is also legal for doctors to order confirmatory testing.

The Government should not be permitted to mischaracterize these practices, and the Government should be precluded from making such irrelevant, misleading, and unduly prejudicial claims to the jury. Fed. R. Evid. 401, 403. This type of testimony would only serve to mislead

and confuse the jury and irreparably prejudice Dr. Agresti by casting lawful conduct as criminal. *See* Fed. R. Evid. 403. The Court can exercise its discretion to manage opening statements and to limit those statements as appropriate. *See, e.g.*, *United States v. Dominguez*, 735 F. App'x 591, 596 (11th Cir. 1994) (district court did not abuse discretion in directing counsel from airing irrelevant facts during opening statement); *Schwartz v. Sys Software Assocs., Inc.*, 32 F.3d 284, 288 (7th Cir. 1994) (district court did not abuse discretion in directing counsel to "refrain from legal argument in his opening statement"); *Onujiogu v. United States*, 817 F.2d 3, 6 (1st Cir. 1987) (the "district court has wide discretion in steadying the Rule 403 seesaw"); Fed. R. Evid. 403.

The Court should also bar the Government and its witnesses, throughout trial, from characterizing evidence about legal and beneficial practices that are common and accepted in the substance abuse treatment industry as evidence of crimes or criminal intent. Such characterizations are wrong as a matter of law, not relevant to the case, and unduly prejudicial to Dr. Agresti. Fed. Rs. Evid. 401, 403.

**IV.   MOTION *IN LIMINE* TO EXCLUDE IMPROPER OPINIONS REGARDING THE ILLEGALITY OF WITNESSES' AND DEFENDANT'S CONDUCT.**

The Government should be precluded from introducing evidence at trial of witnesses' (1) opinions that their own conduct was, in hindsight, illegal and (2) opinions that Dr. Agresti's conduct was illegal. Particularly, the interview reports produced in this case contain an undercurrent of discussions regarding the legality of the practices at Dr. Agresti's office.

First, a witness's opinions (whether in hindsight or not) regarding the illegality of Dr. Agresti's actions are inadmissible and inappropriate lay opinions under Federal Rule of Evidence 701. *See, e.g.*, *United States v. Kapoor, et al.*, 16-cr-103430ADM (D. Mass. January 15, 2019) (D.E. at 5) ("The Government may present evidence of a witness' contemporaneous understanding

5

of the propriety of his or her conduct as relevant to that witness' state of mind. A witness may not express his or her opinion as to the legality of the conduct of others or explain how he or she now views historical behavior."); *United States v. Van Eyl*, 468 F. 3d 428, 437 (7th Cir. 2006) (affirming order of new trial where "the [district] court feared the jury would conclude that if others thought the conduct was wrong, then [the defendant] must have possessed the intent to defraud."); *United States v. Henke*, 222 F.3d 633, 639-40 (9th Cir. 2000) (holding that the district court erred by admitting questioning "done in order to elicit [the witness's] conclusion that the defendants 'must have known' about the illegal conduct."); *United States v. Anderskow*, 88 F.3d 245, 250 (3d Cir. 1996) (agreeing that testimony that defendant "must have known" improperly turned lay witness "into thirteenth juror.")

To the extent that the witness's testimony is based on hindsight impressions or hunches about the purportedly illegal conduct, it is not based on "firsthand knowledge or observation" and thus not admissible. *See* Fed. R. Evid. 701 Advisory Comm. Notes (describing "the familiar requirement of firsthand knowledge or observation"); *Walton v. Nalco Chemical Co.*, 272 F.3d 13, 25 (1st Cir. 2001) (excluding lay-opinion testimony that was not based on "personal knowledge [or] apposite data").

Second, a witness's hindsight opinions regarding the illegality of the witness's own actions (or Dr. Agresti's) is irrelevant and unfairly prejudicial. *See* Fed. Rs. Evid. 401, 403. A witness's opinion that, in hindsight, the witness's past conduct was contrary to some unspecified law is irrelevant to whether Dr. Agresti had the requisite specific intent to agree to the particular violations of law alleged at the time the conduct took place. *See United States v. Herman*, 589 F.2d 1191, 1198 (3d Cir. 1978) (when balancing under Rule 403, a court should consider "the extent to which [the proposition that the evidence establishes is] directly at issue in the case").

6

Allowing such hindsight testimony would expose the trial to substantial legal issues that would be difficult, if not impossible, to cure.

For these reasons, Dr. Agresti respectfully requests that the Court bar the Government from eliciting witness testimony about their hindsight impressions of the illegality of their own actions and their opinions of the illegality of Dr. Agresti's actions, and to exclude any reference to such witness opinion or testimony from the Government's opening statement.

**V. MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND TESTIMONY OF THE CO-DEFENDANTS' AND UNINDICTED CO-CONSPIRATORS' CRIMINAL CONDUCT THAT IS UNRELATED TO THE ALLEGATIONS AGAINST DR. AGRESTI.**

The Indictment alleges that co-defendants Kenneth Bailynson, Stephanie Curran, and Matthew Noel engaged in criminal conduct that is unrelated to Dr. Agresti's alleged role in the conspiracy. [ECF No. 3]. For example, the Indictment claims that Bailynson, Curran, Noel, "and their co-conspirators provided kickbacks and bribes in the form of free or reduced rent when patients agreed to attend drug treatment at other facilities . . . ." *Id.* In addition, Bailynson, Curran, Noel, and their co-conspirators purportedly "paid patient recruiters kickbacks and bribes to provide patients to GDSL." *Id.*

The three co-defendants pled and are likely testifying against Dr. Agretsi. Some of their crimes, i.e., patient brokering, occurred independent of Dr. Agresti's role in this alleged conspiracy and without Dr. Agresti's knowledge. These collateral crimes are not inextricably intertwined with Dr. Agresti's role as medical director. The Court should exclude these collateral bad acts and crimes because they are irrelevant, and any limited probative value is substantially outweighed by the risk of unfair prejudice and inciting the jury.

7

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, the Court should grant Dr. Agresti's motions *in limine* (I-V) and preclude government witnesses from testifying about the frequency and medical necessity of UAs; preclude government witnesses from testifying about appropriate billing practices for physician's services and UAs; preclude the Government from mischaracterizing permissible practices as criminal conduct; exclude improper opinions regarding the illegality of witnesses' and Dr. Agresti's conduct; and exclude evidence of the co-conspirators' criminal conduct that is unrelated to the allegations against Dr. Agresti.

## RULE 88.9 CERTIFICATION

Counsel for Dr. Agresti hereby certifies that he has conferred with counsel for the Government in a good faith effort to resolve the issues raised in the Motion. Counsel for the Government opposes this Motion.

Respectfully submitted,

*/s/ Greg Rosenfeld*
GREG ROSENFELD, ESQ.
Florida Bar No.: 0092006
LAW OFFICES OF GREG ROSENFELD, P.A.
515 N. Flagler Drive, Suite P-300
West Palm Beach, FL 33401
(561) 409-5804
Greg@rosenfeldlegal.com
Attorney for Defendant

*/s/ Richard G. Lubin*
RICHARD G. LUBIN, ESQ.
Florida Bar No.: 182249
RICHARD G. LUBIN, P.A.
707 N. Flagler Drive
West Palm Beach, FL 33401
(561) 655-2040
Rich@lubinlaw.com
Attorney for the Defendant

*/s/ Amy Morse*
AMY MORSE, ESQ.
Florida Bar No.: 0388475
MORSE AND MORSE, L.L.C.
707 N. Flagler Drive
West Palm Beach, FL 33401
(561) 651-4145
Amy@morselegal.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that January 5, 2022, I electronically filed the foregoing document with the Clerk of the Court and served all counsel of record using CM/ECF.

*/s/ Greg Rosenfeld*
GREG ROSENFELD, ESQ.
LAW OFFICES OF GREG ROSENFELD, P.A.