**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-CR-80124-RAR**

**UNITED STATES OF AMERICA**

vs.

**MARK AGRESTI,**

Defendant.
_______________________________________/

**ORDER CONTINUING TRIAL AND PRETRIAL INSTRUCTIONS**

**THIS CAUSE** came before the Court for a Status Conference on Tuesday, September 30, 2025, [ECF No. 648]. At the Status Conference, the parties made a Joint *Ore Tenus* Motion to Continue the Trial ("Motion"). The Court having carefully reviewed the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED**. The Court finds, pursuant to 18 U.S.C. section 3161(h)(7), that the ends of justice served by this continuance outweigh the best interests of the public and the Defendant in a speedy trial. Specifically, the Court finds that, under section 3161(h)(7)(B)(iv), failure to grant the continuance would "deny counsel for the defendant and the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

Accordingly, the period of delay resulting from this continuance—from the date the Motion was presented, Tuesday, September 30, 2025, through the start of trial—shall be considered excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161. The case is hereby reset for **Jury Trial** during the two-week trial period beginning on **Monday, May 04, 2026 at 9:00 A.M.** Calendar Call will be held on **Tuesday, April 28, 2026 at 11:00 A.M. An in-person Status Conference is hereby set for Thursday, January 22, 2026, at 1:30 P.M.** Unless instructed

otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in Courtroom 11-2, 11th Floor, at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128.

It is further **ORDERED AND ADJUDGED** as follows:

1. All pre-trial motions and motions *in limine* must be filed by **Tuesday, March 31, 2026**. Each party is limited to filing one motion *in limine*. If there is more than one Defendant, the Defendants shall file a combined motion. Motions *in limine* may not, without leave of Court, exceed the page limits allowed by the Local Rules.

2. Counsel shall be prepared to conduct limited *voir dire* following the Court's questioning of the panel. Prior to **Calendar Call**, each party may file no more than five proposed *voir dire* questions for the Court to ask of the venire. The Court will not permit the backstriking of jurors.

3. The parties shall submit, in Word format, via e-mail to ruiz@flsd.uscourts.gov, proposed jury instructions, including substantive charges and defenses, and a verdict form prior to **Calendar Call**. For instructions on filing proposed documents, please see http://www.flsd.uscourts.gov. Although they need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form jointly. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by the Government shall be underlined. Instructions proposed solely by the defense shall be italicized. Every instruction must be supported by citation to authority.

4. Prior to **Calendar Call**, all counsel shall file lists of proposed witnesses and/or exhibits to be presented at trial. All exhibits to be offered into evidence must be pre-labeled in accordance with the proposed exhibit list. Government exhibits shall be designated numerically; defense exhibits will proceed alphabetically.

5. The deadline for the scheduling of guilty pleas is **Tuesday, April 28, 2026**. *See, e.g., United States v. Gamboa*, 166 F.3d 1327, 1331 (11th Cir. 1999) (citing *United States v. Ellis*, 547 F.2d 863, 868 (5th Cir. 1977)).

6. All requests for writs *ad testificandum* must be filed no later than 14 business days prior to the first day of the scheduled trial period.

7. All responses pursuant to the Standing Discovery Order and/or Local Rule 88.10 shall be provided in a timely fashion in accordance with the dates scheduled by the Magistrate Judge. Noncompliance with the Standing Discovery Order, the Local Rules, or the Federal Rules of Criminal Procedure may result in sanctions. Any notice submitted pursuant to Federal Rule of Evidence 404(b) shall include a specific factual basis for the evidence sought to be introduced.

8. **To the extent required by Local Rule 88.9, all motions shall be accompanied by a written statement certifying that counsel for the moving party has conferred with opposing counsel in a good faith effort to resolve by agreement the subject matter of the motion. Email communications shall not be sufficient to constitute conferral. Counsel must actually speak to one another, either in person or over the phone, in a good faith effort to resolve their disputes prior to filing any motion.**

9. If any party seeks to introduce transcript(s) at the trial, that party shall exchange those transcripts with all counsel prior to **Calendar Call**. If a transcript cannot be agreed upon, each party shall be prepared to produce its own version for the trier of fact.

10. All anticipated Jencks Act[1] material shall be turned over to defense counsel no later than the morning of the first day of trial. The material shall include a face sheet for defense counsel to sign and date, acknowledging receipt.

[1] 18 U.S.C. § 3500.

11. Upon receipt of this Order, counsel for each Defendant shall certify with the Court's courtroom deputy whether that Defendant requires the aid of an interpreter. All parties are under an additional instruction to notify the Court, at least 24 hours prior to any hearings or trial, if an interpreter is required.

12. Arrangements for appropriate clothing for Defendants in custody must be made with the Bureau of Prisons at least **seven days** prior to the scheduled trial date.

13. **The parties shall comply with Local Rule 88.5, which requires the filing of speedy trial reports every 20 days hereafter until the time of trial or plea.**

14. Local Rule 7.1(a)(2) requires that certain motions be accompanied by proposed orders, which must be filed as attachments to those motions. **FURTHERMORE, PURSUANT TO CM/ECF ADMINISTRATIVE PROCEDURES, PROPOSED ORDERS SHALL BE SUBMITTED TO THE COURT BY E-MAIL IN WORD FORMAT TO** ruiz@flsd.uscourts.gov.

**DONE AND ORDERED** in Miami, Florida, this 30th day of September, 2025.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record